# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIO EMMANUEL JAMES,**

    **Petitioner,**

  v.          Case No. 15-CV-717

**DON STRAHOTA,**

    **Respondent.**

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Mario Emmanuel James, a Wisconsin state prisoner, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) His petition was denied. (ECF No. 24.) The United States Court of Appeals for the Seventh Circuit denied James's request for a certificate of appealability on June 22, 2017. (ECF No. 36.) Pursuant to Federal Rule of Civil Procedure 60(b)(1), James now seeks relief from a final judgment denying habeas relief. (ECF No. 37.)

This court found that James's prosecutorial misconduct claim was procedurally defaulted based on a firmly established procedural rule in Wisconsin. (ECF No. 24 at 10-11.) James had argued that his claim should not be procedurally barred because the respondent had not shown that the state law ruling was both independent of federal

law and adequate to hold James responsible for violating it. He also alleged that the procedural default in question has not been regularly and consistently followed in Wisconsin. James did not cite case law supporting either argument. (ECF No. 24 at 10.) James now alleges the court made a mistake in determining that his prosecutorial misconduct claim was procedurally defaulted. (ECF No. 37 at 3.)

When considering a Rule 60(b) motion the court must first determine whether the motion is a second or successive habeas petition or whether it is a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also Gonzalez v. Crosby*, 545 U.S. 524 (2005). A motion asserting that the federal district court incorrectly dismissed a petition for procedural default constitutes a true Rule 60(b) motion. *Spitznas* at 1216. James states that he is attacking a defect in the habeas proceeding rather than a defect in the judgment of conviction. (ECF No. 37 at 1.) Thus, it appears that James's motion is a "true" 60(b) motion.

"Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). "Rule 60(b) cannot be used to seek relief on the basis that the movant's *conviction* was based on a mistake of law, for that is territory occupied by AEDPA." *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002) (emphasis added). James relies on Rule 60(b) not on the basis that his *conviction* was based on a mistake of law, but rather on the basis that the district court's

finding that his prosecutorial misconduct claim was procedurally defaulted was a mistake of law.

Legal error is not a proper ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Rule 60(b) was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law. *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995). That being said, the district court has discretion to correct errors that would be correctable on appeal. *See Mendez v. Republic Bank*, 725 F.3d 651, 654 (7th Cir. 2013).

As discussed in this court's order denying James's habeas petition, relying on *State v. Marinez*, 2011 WI 12, ¶ 49, 331 Wis.2d 568, 797 N.W.2d 399 ("A defendant who fails to object at the time of alleged errors by the prosecutor risks forfeiting review of such errors on appeal."), the Wisconsin Court of Appeals dismissed James's prosecutorial misconduct claim because he did not object at trial to the government's use of allegedly perjurious testimony. (ECF No. 24 at 9.) This court found that, in dismissing James's prosecutorial misconduct claim, the Wisconsin Court of Appeals relied on an adequate and independent state law ground. (ECF No. 24 at 11.)

James argues that the Wisconsin Court of Appeals, and in turn this court, was wrong when it precluded his prosecutorial misconduct claim from review on grounds of a state procedural bar. Citing to Wis. Stat. § 974.02, he contends that the claim was properly raised in a postconviction motion. (ECF No. 37 at 2.) However, the authority

upon which he relies, *State v. Hayes*, 167 Wis. 2d 423, 481 N.W.2d 699, 700 (Ct. App. 1992), does not address the issue presented in his petition and motion for relief from judgment—whether a claim for prosecutorial misconduct must be raised at trial or whether it can be raised for the first time (as James argues) in a postconviction motion.

Although it is true that, before a defendant may appeal certain claims, he must first raise them in a postconviction motion, that does not change the fact that certain objections must be made during trial or they will be waived. In other words, the ability to file postconviction motions does not relieve a party of his obligation to preserve certain claims by objecting at trial when the court still has the ability to correct any alleged errors. Under Wisconsin law, one of those objections is prosecutorial misconduct. *See State v. Marinez, supra*.

Upon review of this court's original decision, as well as the case law and statutes presented by James, the court cannot say that James is entitled to relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that James's motion for relief from judgment is denied.

Dated at Milwaukee, Wisconsin this 20th day of December, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge